This is a suit brought by the plaintiff to recover damages from the defendant for an alleged breach of contract. The items claimed are fully detailed in the petition as follows: three hundred ($300) dollars for breach of a rental contract by which the defendant agreed to rent a centrifugal pump from the plaintiff for that sum, for a period of six months; ten ($10) dollars for expenses involved in transporting the pump which had been erroneously delivered under misinstructions by one of defendant's employees; twelve ($12) dollars for damage to the pump while it was in the possession of the defendant, and nineteen and 44/100 ($19.44) dollars, freight charges for the return of the pump.
Copies of the documents forming the agreement relied on are attached to the petition.
The defendant filed an exception of prematurity coupled with an alternative exception of vagueness, based on various grounds, both of which were overruled with the exception that plaintiff was ordered to disclose what the damages to the pump, for which the sum of $12 is claimed, consisted of and also how the $10 alleged expenses for transporting the pump were incurred. Plaintiff complied with the order by filing a supplemental petition.
The plea of prematurity was based on the proposition that if the suit is one for rent, there was nothing in the petition to show that the six months period of the lease had expired.
An exception of no right or cause of action as to all claims except that for $10 expenses for transporting the pump, was also overruled, and after trial on the merits, judgment was rendered in favor of the plaintiff for the full amount claimed. The defendant has appealed.
It appears that in accordance with the defendant's advertised offer to receive bids for the rental of a centrifugal pump, plaintiff, on November 12, 1941, submitted a proposal on the form supplied by the defendant, Department of Highways. On the same day, plaintiff addressed a letter to the Department in which he stated that the letter itself might make his bid informal, but he further specifically stated that he wanted to make himself clear in regard to the rental of his equipment and that it was being rented on the basis, among other things, that the rental was for a six months period, that the pump was to be delivered F.O.B. job site, if the roads permitted and that he expected the equipment to be returned to him in first class working order except for the usual amount of wear. As a sort of addendum he quotes the rental prices for the six months period and also for a three and a one month period. Although in acknowledging plaintiff's letter, the Department wrote plaintiff on November 15, 1941, definitely advising him that it accepted his offer of six months, it now contends that it had the right to cancel the contract at any time under a provision written on the back of the form bid supplied by it and which plaintiff had signed, and which it maintains constituted the agreement between them.
Before this court, counsel for defendant again stresses the plea of prematurity urging the contention that the suit is one for rent and that the petition fails to disclose that the rental period has expired. As did the trial judge, we conclude that the demand is one for breach of the contract, that being made clear by the allegation in article six of the petition wherein it is averred that "since February 4, 1942, plaintiff has held said pump in his warehouse subject to instructions from defendant's engineer in accordance with the terms of the hereinbefore mentioned contract, and has always been ready, willing and able to perform same. Defendant refuses to give any other or further instructions concerning the delivery of said pump, refuses to pay the sum of three hundred dollars contracted for the rental thereof, and has breached and violated the contract in this and in other respects above mentioned, and refuses further to perform the same." The mere fact that among the items of damage claimed is the one for three hundred dollars, which is the exact amount of the rent alleged to be due, does not make it a suit for the rent as distinguished from a suit for damages for breach. The plea is therefore overruled.
As to the exception of vagueness which is also urged before this court, all *Page 487 
that has to be said is that not only has the matter complained of as being vague been clarified by plaintiff's supplemental petition, but now that all of the facts in the case have been ventilated on the trial, we do not see where counsel has any right to further complain on this score. That exception is also overruled.
The exception of no right or cause of action raises practically the same issues as are presented under the plea of prematurity and as it is also so closely connected with the merits of the case, we think that the decision on the merits will also dispose of that exception.
Taking up the item of $300 first, which defendant claims it does not owe because it had the right to cancel the contract at any time, we are convinced that the contention made on that point is without merit. As previously stated, although plaintiff did sign the proposal on the form usually supplied by the defendant for entering in a contract of this kind, it is obvious that by his very definite letter of the same day, he made clear his intention to modify the form proposal by the very terms of that letter in which he specifically offers to rent the pump to the Department for either a six months, a three months or a one month period. In the event any one of these terms were accepted, that would exclude any right of cancellation during that particular term. In answer to this letter, the Department, by its own letter, specifically accepted the offer for the six months period, and by every reasonable construction of the contract it became bound for that term.
About one month after the pump had been delivered to the job site at DeQuincy, Louisiana, it was returned by the defendant to the plaintiff, via railroad, charges collect. This constituted an active violation of the contract and damages became due as of that moment. This does not seem to be disputed by counsel for defendant if the contract is held to be one for a six months rental and that the suit is one for damages for breach. That, of course, is what we have already concluded, and accordingly we hold that the item of $300.00 was properly allowed by the judgment of the District Court.
As to the $10 claim for expenses incurred by the plaintiff in having erroneously delivered the pump to Marrerro, at the written instructions of the employee of the Department of Highways, it now appears to be admitted that he is entitled to recover this amount.
With regard to the $12 claimed for damage to the pump, and which is a disputed point in the case, we are convinced that the plaintiff has shown that it was received by him in a damaged condition. Both of the defendant's witnesses who testified on this point are somewhat vague in their testimony and neither can say definitely that the pump was not damaged when they loaded it on the railroad car. Admitting that it is possible that the damage may have been occasioned in transit, the defendant would still be liable since, as will appear hereinafter, we have concluded that it was the duty of the defendant to return the pump to the plaintiff at his regular place of business in New Orleans, "in first class working order." This item was also properly allowed by the trial judge. Taking up lastly the $19.44 claim for freight, we note in reading the offer of the plaintiff by his letter of November 12, 1941, that it is clear that he agreed to deliver the pump F.O.B. on the job site, and it is equally clear that he expected the pump to be returned to him by reason of the fact that he expressly stipulated this. As appears from the form proposal which is signed by him and from the letters which formed the contract, his place of business is in New Orleans, and obviously this is where he intended that the pump would be returned. It seems unreasonable to contend that abandoning it at the job or delivering it to a railroad in DeQuincy is returning the pump to him within the contemplation of the contract. The amount was correctly awarded also.
As we feel satisfied that the judgment appealed from is proper and correct in every respect, the same will be affirmed.
Judgment affirmed, defendant, appellant to pay all costs. *Page 488