**18 So.2d 605**

## MAKOFSKY v. DEPARTMENT OF HIGHWAYS.

### No. 37150.

May 22, 1944.

Arthur B. Hammond and Joseph A. Loret, both of Baton Rouge, for defendant, appellant, applicant.

Deutsch, Kerrigan & Stiles and James J. Morrison, all of New Orleans, for plaintiff and respondent.

FOURNET, Justice.

Upon the allegation in its application that the Court of Appeal for the First Circuit had condemned the Department of Highways to pay legal interest from the date of judicial demand and also all costs of the proceedings in the judgment rendered against the department for damages

resulting from a breach of contract, we granted a writ of review.

Although in their application counsel for the relator stated they were limiting the application to these specific errors, in their brief and orally they insist they have the right to have the entire judgment reviewed and enumerate some twenty alleged errors therein.

While this court in reviewing cases brought before it on writs issued to the appellate courts have the same power and authority to review the entire matter as if the case had been appealed, it is our opinion that the Court of Appeal for the First Circuit has not only given a very accurate statement of the facts involved but has also, with the exception of the points on which this writ was granted, properly determined all of the issues raised and we feel no useful purpose could be served by reiterating them here. See, Makofsky v. Department of, Highways, La.App., 12 So. 2d 485.

It is the respondent's contention that the state waived all of the incidents of its sovereign immunity, "including liability for interest and costs," when it provided through legislative enactment that the Louisiana Highway Commission (the predecessor of the Department of Highways) "shall be a body corporate and as such may sue and be sued, plead and be impleaded, in any Court of Justice" (Section 3 of Act No. 95 of the Extra Session of 1921), and further provided, when the new Department of Highways was created by Act No. 4 of 1942, that it "shall have and enjoy all of the rights, powers and immunities

incident to corporations; and shall have power * * * to sue and be sued," this power being subject "to all applicable laws relative to jurisdiction." Section 8.

While in the modern trend there may be a gradual encroachment on the hitherto sacred domain of sovereign non-responsibility, nevertheless, as was recently pointed out in the case of Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627, 630, "* * * a state or its agencies cannot be compelled to pay interest * * * unless provision is made therefor by stipulation or by a specific statute; general laws relative to the payment of interest are not applicable." The same is true with respect to all costs other than those incurred for the taking of testimony. Act No. 135 of 1936; Lyon Lumber Co. v. Louisiana Tax Commission, 158 La. 990, 105 So. 39; Natalbany Lumber Co. v. Louisiana Tax Commission, 175 La. 110, 143 So. 20; and Louisiana Highway Commission v. Davis, 204 La. 624, 16 So.2d 129. The only exception to this rule is where property is taken or damaged for public purposes. Westwego Canal & T. Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389; and Harrison v. Louisiana Highway Commission, 202 La. 345, 346, 11 So.2d 612. And however obsolete or antiquated such theories or doctrines may seem to be, nevertheless, it remains within the exclusive province of the legislature, should it in its wisdom deem it advisable and necessary, to change this long standing public policy.

For the reasons assigned, the judgment of the Court of Appeal for the First Circuit affirming the judgment of the Nine-

teenth Judicial District Court condemning the Department of Highways to pay the plaintiff, Herman T. Makofsky, the sum of $300 with legal interest from judicial demand until paid, as well as all costs, is amended by eliminating therefrom the legal interest and limiting the costs to those specifically allowed by law, and, as thus amended, the judgment is affirmed.

PONDER, J., takes no part.