The only question that seems to be involved on this appeal is one of quantum.
The plaintiff who was injured as a result of an accident on June 22, 1942, sued the State through the Department of Highways for damages in the sum of $4,701. He had obtained the necessary legislative authority to sue the State through Act 194 of 1944.
In his petition he alleged that on that day, at about 12:45 p.m., he was driving south on the Bayou Sara Road, coming towards Baton Rouge, when the gas line of his automobile became clogged and he was obliged to stop in order to clean it. He avers that he stopped his car at a point on the extreme right side of the road, against the curb, facing south, and that he stood on the west, or the curb side next to his car, with the hood raised at the time, working inside the motor. That as he was thus engaged, an impact occurred, without any warning, on the rear left side of his automobile causing him to sustain a hard blow on the left side of his face. The impact was produced by a car belonging to the Department of Highways of the State of Louisiana, being driven by one of its employees, Matthew L. Bourgoyne, engaged at the time on a mission for the said Department of Highways. His car was parked at a point approximately 500 feet north of the intersection of Bayou Sara Road with the Plank Road, facing south, and the Department of State Highways' car which was being driven south, ran directly into the left rear end of his car causing *Page 375 
him to sustain the damages he complains of.
He charged the driver of the defendant car with negligence in failing to maintain a proper lookout ahead while driving on a perfectly straight road in the daytime and directly crashing into his car, and also in failing to keep his car under such control as to be able to stop it before running into his car or by-passing it to the left.
In the accident plaintiff suffered a fractured jaw which he alleges caused him considerable pain and mental anguish. It was necessary for him to have dental surgical attention which was also very painful and attended with considerable difficulty in his being properly fed, and which also kept him away from his work for a period of five weeks. For all of this he itemized claims amounting to the sum of $5,575. He also claims that his car was damaged to the extent of $26 and that he incurred a doctor's bill in the sum of $100. The total sum prayed for by him is $4,701. Apparently a mistake was made in adding the total amount of the damages claimed as it will readily appear that the $5,575 with the $126 additional makes a total of $5,701 instead of $4,701.
The State appeared through the Department of Highways and for answer to the plaintiff's petition put all of the allegations at issue by denying that the accident was caused through the negligence of the driver of its automobile, and consequently liability was denied.
Upon trial of the case there was judgment in the court below in favor of the plaintiff in the sum of $2,187. The trial judge did not file written reasons but we observe in the minutes of the court that in rendering judgment the amount awarded was itemized as follows: For physical injury, pain and suffering, $2,000, for medical bills, $112 and for loss of earnings, $75. It is important to note at this time that in the judgment it was also ordered that the defendant pay legal interest on the amount of the award as counsel for defendant make an issue of that part of the judgment on this appeal.
[1] The plaintiff produced his own testimony as well as that of a witness named Vincent Cody who was accompanying him at the time of the accident, in order to prove how it occurred. He then produced the testimony of Dr. R.B. Benton, dentist, who attended him and also that of Dr. Lester J. Williams who had made an X-ray picture of his fractured jaw. He and his corroborating witness described the accident pretty much the same as it is set out in the petition and as there is no contradictory testimony submitted on behalf of the State it would seem that the judgment decreeing liability necessarily has to be affirmed. Somewhere in the record it is made to appear that the driver of the car is, or was at the time of the trial, in the service of our country and the implication is that he was not available as a witness. No steps were taken however to try to take advantage of what his testimony might have been and on this appeal the case is treated as one in which liability is conceded. As already stated the sole purpose of the appeal seems to be to have the amount of the judgment reduced and also to have this court change its ruling on the question of the interest allowed on the amount of the judgment, it being one decreed against the State. The ruling referred to is that in the case of Guercio v. State, La. App.,15 So.2d 170, which was followed in the case of Lively v. State, La. App., 15 So.2d 617.
Plaintiff filed an answer to the appeal in which he prays that the amount of the award be increased to the full amount of $4,701 as originally demanded.
Both sides have submitted numerous authorities on the question of the damages claimed for the injury sustained by the plaintiff. We are more or less familiar with most of them and have taken the trouble to check up on those with which we were not. However, as is so frequently stated by the courts, authorities cited on a question of quantum may very well serve as a guide to the court but they should not be controlling as there are so many different facts and circumstances to be taken into consideration in each case in reaching a proper decision. Besides, we can all readily understand how almost impossible it is for any two cases to be exactly alike, even though the fracture or the injury may relate to the same member or bone of the human body.
In this case it is shown that the plaintiff is a young man still in his twenties who was engaged in a shoe repair shop, earning $15 per week at the time he was injured. The very fact that he lost only five weeks' work indicates that even though his injury and the treatment for them were all very painful, he had a good recovery and has been left without any further ill effects. *Page 376 
In fact Dr. Benton who attended him seems to have been thoroughly satisfied with the results obtained in repairing the injury to his jaw. His real claim for damages in a substantial amount therefore relates to the pain he suffered and had to endure during the operation and as a result of that operation inasmuch as it was very difficult for him to be fed on account of having his jaw bone so tightly bandaged.
In treating him Dr. Benton first resorted to an operation in the course of which he wired the plaintiff's jaw in order to try to hold it in position. These wires were placed through the gums which no doubt was very painful, even though done under an anesthetic. It was also very uncomfortable; so much so that the patient would not stand for it as he pulled the wires out himself. That is when Dr. Benton used the process which he refers to as a modified Barten's bandage. The discomforting feature of this last process is that the bandage keeps the jaw immobilized and the patient is unable to be fed except through a tube and can only be fed liquids. That however was the full extent of the plaintiff's discomfort and suffering and as already stated it lasted at the most five weeks as after that period of time he was able to return to work, and according to Dr. Benton had made a very good recovery.
[2] We would think that the award of $2,000 made by the trial judge under the facts and circumstances as developed is very fair and reasonable and it will not be disturbed.
[3] The trial judge allowed $112 for doctors' bills which amount we note is a bit more than plaintiff had alleged he had incurred. Without objection however he proved up the full amount allowed and we think the difference too small to justify an amendment of the judgment. "De minimis non curat lex."
[4, 5] The trial judge also allowed the sum of $75 claimed for loss of wages which was proper. That item does not seem to be disputed. He however rejected the demand for $26 for damages to plaintiff's automobile. In this he was also correct as there wasn't sufficient proof on that item.
[6] On the question of the legal interest which the State is condemned to pay in the judgment appealed from, we may say that we have read again, with great interest, the plausible argument presented by counsel for the State, but he has not convinced us that we were in error in our ruling on this same point in the two cases of Guercio v. State and Lively v. State, supra. We consider it unnecessary to go into any further discussion of the question again. The Supreme Court denied writs of certiorari and review in the two cited cases and we think that warrants us, for the present, in adhering to the views expressed and to the ruling made in both.
For the reasons stated, the judgment herein appealed from is affirmed.