On Rehearing.
 

 KENNON, Justice.
 

 This case is on rehearing. Our original •decree affirmed the judgment of the district court, which included an award to plaintiff of “seven hundred eighty-four and ■no/100 ($784) dollars, with 5% interest thereon from date of September 1, 1941, until paid,” as unpaid salary due her under contract to teach in the public schools of 'Tangipahoa Parish.
 

 In the application for rehearing, the defendant School Board urges that it, by virtue of being an agency of the sovereign :State, should not have been cast for interest. A rehearing was granted and by its ferms confined solely to the question •of whether interest was properly included. 'The judgment has become final in all other ■respects.
 

 The following Louisiana cases have held ■that the State or its agencies cannot be compelled to pay interest on unpaid accounts unless provision is made therefor by stipulation or by specific statute: Makofsky v. Department of Highways, 205 La. 1029, 18 So.2d 605; Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627; Sholars v Louisiana Highway Commission, La.App., 6 So.2d 153; and State ex rel. Shaw v. Police Jury of Catahoula, Parish, La.App., 167 So. 754.
 

 The case of Makofsky v. Department of Highways, supra (1944), was ordered up by the Supreme Court on writ. The sole question discussed therein was whether the judgment of the Court of Appeal was correct insofar as it condemned the Highway Department to pay interest. This Court held that a State or its agencies cannot be compelled to pay interest “ * * * unless provision is made therefor by stipulation or by a specific statute.” [205 La. 1029, 18 So.2d 606.] After noting (with approval) the exception to the rule where property is taken or damaged for public purposes, the Court stated that the advisability of changing this long standing public policy against casting the sovereign State or its agencies for interest was a matter directed to the wisdom of the Legislature rather than within the province of the Court.
 

 In view of the above, we therefore conclude that the established policy of this Court has been to follow the well-settled general rule that the sovereign State or its agencies, unless there is a specific statutory
 
 *504
 
 authority or contractual obligation, is not liable for interest.
 

 Counsel for plaintiff have cited a number of cases in which interest at 5% was allowed upon judgments of this sort against school boards. However, in none of these opinions was the question of interest discussed.
 

 Plaintiff’s counsel has also cited numerous cases holding, correctly so, that the general rule that a state agency is immune from being cast for interest is not applicable to liability arising from the exercise of a right of eminent domain or for damages to private property incurred in the prosecution of public works, on the theory that to hold otherwise would be a violation, at least, of the spirit of the constitutional guarantee that private property shall not be taken for public purposes, etc., without just and adequate _ compensation. This principle has also been recognized by the federal courts.
 

 In Dillion, Municipal Corporations, 5th Ed., Vol. II, Sec. 867, the general rule is stated that a State is not liable for interest on its debts “unless its consent thereto has been given by statute or express stipulation * * The well-settled rule of liability for interest by counties and similar State agencies is given as follows: “On the liability of counties, towns, cities, and other municipal organizations for interest on debts owing by them a divergence of opinion has arisen. Thus, in some jurisdictions, counties are regarded as instrumentalities of the sovereign State, organized to promote the general welfare, and. consequently cannot be made to pay interest on corporate debts in the absence of' a statute or express stipulation therefor in. a lawful contract.”
 

 The judgment appealed from is amended by striking therefrom the words “with 5% per annum interest thereon from date of September 1, 1941 until paid.” The right is reserved to apply for a rehearing on the matter covered by this decree.
 

 PONDER, J., recused.