PONDER, Justice.
We granted writs in this case limited to the question of whether or not the court of appeal erred in awarding interest on the judgment from judicial demand.
The plaintiff secured a judgment against the defendant for $20,457 with legal interest from date of judicial demand. See 80 So.2d 206. The judgment in this case resulted from the negligent acts of the employees of the defendant. The suit is admittedly an action in tort. Therefore, the question presented to us is whether or not the defendant, an agency of the state, can be condemned to pay interest on the judgment from judicial demand.
The defendant, relator herein, contends that governmental agencies are not liable for the payment of interest on judgments obtained against them unless provision is made therefor either by stipulation' or by a specific statute. Relator takes the position that no stipulation was made for interest and that there is no specific statute authorizing it. Relator relies on the holdings in Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627; Makofsky v. Department of Highways, 205 La. 1029, 18 So.2d 605 and Jefferson Lake Sulphur Co., Inc., v. State, 213 La. 1, 34 So.2d 331.
We have examined the cases relied upon by the relator and find that this Court ruled that the State was not liable for interest on judgments resulting from breach of contract. Since the proceeding herein is an action in tort, the cited cases are not applicable.
The respondent contends that the relator is liable for legal interest from judicial demand on the judgment secured through an action in tort by virtue of the specific statute Act 206 of 1916, LSA-R.S. 13:4203, which provides:
“Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, ‘ex delicto’, which may be rendered by any of the courts.”
Respondent also relies on the holdings in Hixson Funeral Home v. State, La.App., 33 So.2d 754; Guercio v. State, La.App., 15 So.2d 170; Lively v. State, La.App., 15 *119 So.2d 617 and Ropollo v. State, La.App., 23 So.2d 374.
Act 41 of 1946 authorized the respondent to bring this action in tort but is silent on the question of interest. Under the provisions of Article 3, Section 35 of the Constitution, LSA as amended, suits authorized by the legislature against the state, except as regards citation and original jurisdiction, are to be governed by the same procedure required in suits between private individuals and the effect of this authorization is to be nothing more than a waiver of the state’s immunity from suit.
Act 206 of 1916, LSA-R.S. 13:4203, is a special statute and applies to all judgments sounding in damages ex delicto. It was pointed out in the case of Guercio v. State, supra, wherein interest was allowed from judicial demand in an action ex delicto, that the legislature was undoubtedly aware of the provisions of Act 206 of 1916 when it authorized the institution of the suit and intended that any judgment rendered in favor of the plaintiff would bear interest from judicial demand as required by that act. Interest in a tort action was also allowed against the state in Hixson Funeral Home v. State, supra; Lively v. State, supra, and Ropollo v. State, supra. Writs were applied for to this Court in all of these cases except the Hixson case, based on the contention that the court of appeal erred in condemning the State to pay interest on judgments sounding in tort and these applications were refused on the ground that the judgments were correct.
In refusing writs in the case of Ropollo v. State, supra, this Court stated:
“In the case of Guercio v. State, No. 37,393 and Lively v. State, No. 37,426, this Court refused to review the judgments of the Court of Appeal, First Circuit, holding that the State, through its Department of Highways, was liable for interest from judicial demand in a tort action under the provisions of Act 206 of 1916, on the ground there was no error of law in the judgments complained of. A further consideration of our rulings in those cases in connection with the application made by relator herein has convinced us of their correctness and we adhere thereto. The decisions in Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627, and Makofsky v. Department of Highways, 205 La. 1029, 18 So.2d 605 are not applicable to the question presented by relator’s application. Those cases involve actions ex contractu and not ex delicto. Writs refused.”
For the reasons assigned, the judgment >f the Court of Appeal, Second Circuit, is