HALL, Judge pro tem.
Plaintiffs sued defendant as the co-maker of a promissory note for the balance due thereon together with interest and attorney’s fees. From a judgment in favor of defendant dismissing plaintiff’s suit, plaintiff prosecutes this appeal.
The note sued upon is dated September 25, 1957 and is made payable to the order of plaintiff in 60 semi-monthly installments of $15.25 each. It is a solidary obligation and bears the signatures of Robert E. Morrell as “Maker” and Vance O. Saucier (the defendant) as “Co-maker”. It is conceded that defendant was an accommodation co-maker.
Morrell filed voluntary proceedings in bankruptcy on February 2, 1959 and plaintiff was listed as an ordinary creditor in these proceedings.
' During the pendency of these proceedings plaintiff’s manager, Mr. Claverie, Mor-rell, Morrell’s attorney, and the defendant met in the corridor outside of the bankruptcy court at which time Morrell indicated that in spite of the bankruptcy proceedings he would pay his obligation to plaintiff at the rate of $10.00 per week. Mr. Cla-verie replied that he would be glad to accept it. Mr. Claverie testified that “ * * The intention, of course, was that Mr. Saucier (the defendant) would be protected, because he did not mention his name in the bankruptcy proceedings * * *
Morrell received his discharge in bankruptcy on June 8, 1959. After his discharge he made a few payments to plaintiff, the last payment being made on September 23, 1959. After trying unsuccessfully to collect the balance due on the note from the defendant, this suit followed.
Defendant offered many defenses to the note in the trial court but urges only two points here. His first point is that plaintiff’s agreement to accept payments from Morrell in spite of the bankruptcy proceedings was novation made between plaintiff and Morrell which operated as a discharge of the defendant co-maker under LSA-C.C. Article 2198 which provides that a novation made between the creditor and one *283 of the debtors in solido discharges the co-debtors.
We do not agree that there was a novation here.
The following articles of the LSA-Civil Code are pertinent:
“Art. 2185. Novation is a contract, consisting of two stipulations; one to extinguish an existing obligation, the other to substitute a new one in its place.” (LSA-C.C. Art. 2185)
“Art. 2187. The preexistent obligation must be extinguished, otherwise there is no novation; if it be only modified in some parts, and any stipulation of the original obligation be suffered to remain, it is no novation.” (LSA-C.C. Art. 2187)
“Art. 2189. Novation takes place in three ways:
“1. When a debtor contracts a new debt to his creditor, which new debt is substituted to the old one, which is extinguished * * *.” (LSA-C.C. Art. 2189)
“Art. 2190. Novation can be made only by persons capable of contracting; it is not presumed; the intention to make it must clearly result from the terms of the agreement, or by a full discharge of the original debt.” (LSA-C.C. Art. 2190)
Novation can result only from a contract between creditor and debtor to extinguish an obligation. Plaintiff did not agree to extinguish Morrell’s obligation on the note.
If the debt was extinguished (see 8 C.J. S. Verbo Bankruptcy § 559 at p. 1491 stating that bankruptcy does not extinguish obligations but simply bars their enforcement. But see Irwin v. Hunnewell, 207 La. 422, 21 So.2d 485) it was by force of the bankruptcy law and not by covenant of the parties.
By express provision of the bankruptcy law Morrell’s discharge in bankruptcy did not release the defendant, his co-debtor. See 11 U.S.C.A. § 34.
Defendant’s second point is that plaintiff induced him to refrain from filing a claim in the bankruptcy proceedings on the basis that plaintiff would continue to look to Morrell for payment and that his rights were prejudiced thereby, he being only an accommodation co-maker.
In the first place the testimony does not reveal that plaintiff made any promises or inducements to defendant whatever. Moreover, if Morrell chose to recognize his moral or natural obligation to make payments on the note after receiving his discharge in bankruptcy, his actions in making such payments were to the benefit and not to the detriment of defendant.
Defendant filed a third party action against Morrell and his wife in the proceedings below in which he prayed for judgment in his favor and against them for the amount of whatever judgment plaintiff might succeed in obtaining against him, and by answer to this appeal defendant prays that should the judgment appealed from be reversed and judgment be rendered by this court against him that such judgment should also grant him the relief prayed for against the third party defendants.
The record shows that the third party petition was duly served on Morrell and his wife but neither filed answers thereto. No preliminary default was entered against either of them and the case went to trial in that condition. Had defendant been cast in judgment below, the District Judge would have been powerless to grant him any relief against the third party defendants, for lack of a preliminary default against them. See LSA-C.C.P. Arts. 1701, 1031, 1035 and 1111. We likewise can grant him no relief.
For the foregoing reasons the judgment appealed from is reversed and judgment is *284 now rendered in favor of the plaintiff, All Hans Credit Union and against the defendant, Vance O. Saucier, in the full sum of $559.21 together with interest thereon at the rate of 1% per month from September 23, 1959 until paid and 20% attorney’s fees on principal and interest, subj ect to a credit of $14.20 as of December 31, 1960. Defendant to pay all costs in both courts.
Reversed and rendered.