*459
Concurring Opinion.

TATE, Judge
(additionally concurring).
Our majority has correctly held, in my opinion, that under our state Supreme Court decisions the State or its governmental agencies are not liable for legal interest upon unpaid contractual debts. See Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 (1943) and succeeding jurisprudence.
Although our brethren of the Fourth Circuit held to the contrary, Pittman Construction Co. v. Housing Authority of New Orleans, 169 So.2d 122, 139-141, in my opinion the majority has correctly held that no such legislative intent can be read into the 1960 amendment of Article 3, Section 35, Louisiana Constitution, authorizing legislative waiver of governmental immunity and legislative permission for suits against the state and state agencies. Unless I am mistaken, the Supreme Court rejected a similar argument in Jefferson Lake Sulphur Co. v. State, 213 La. 1, 34 So.2d 331, 340-341.[1]
Due to the conflict between our holding and that of the Fburth Circuit in the cited Pittman Construction case, the Supreme Court will be required to resolve the conflict by certiorari. Article VII, Section 21, Louisiana Constitution.
Although I agree we are bound by the decisions of our Supreme Court, which are not as yet overruled, by this special concurrence I wish to express substantial reservation to the proposition that the legislature alone can change this unsound rule that the State and its agencies alone of all those who are sued in our courts are not bound for legal interest upon their unpaid just debts.
The legislature has provided, “All debts shall bear interest at the rate of five per cent per annum from the time they become due, unless otherwise stipulated”. LSA-C.C. Art. 1938. It is not any legislative act which has provided that the state is exonerated from the payment of legal interest upon its just debts. This rule is court-created; being court-created, it may be overruled as unsound by the same courts which created the rule.
The first case in which the Louisiana Supreme Court flatly stated the rule that the state cannot be compelled to pay interest upon unpaid accounts unless there is an express provision for this interest in a statute appears to be Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 at 630 (1943). As authority for this proposition, the court cited State ex rel. Shaw v. Police Jury of Catahoula Parish, La.App. 2 Cir., 167 So. 754, Sholars v. Louisiana Highway Commission, La.App. 2 Cir., 6 So.2d 153, and Ruling Case Law (a common-law encyclopedia).
In the Shaw case the court relied on United States v. North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336 (1890), and Seton v. Hoyt, 34 Or. 266, 55 P. 967, 43 L.R.A. 634 (1899), for the rule that interest cannot be awarded against the government unless stipulated for by contract or statute. Seton, in turn, vaguely refers to decisions of the federal courts as authority for the doctrine and, as a matter of fact, does not accept this doctrine as being undisputed. United States v. North Carolina makes it clear that the doctrine stems from the common law.
Sholars, also cited in Boxwell, did not hold that a state agency is immune from liability for legal interest. On the contrary, that case held that the state highway com *460 mission is liable for legal interest in an expropriation suit. See Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612, for rationale. The statement in Sholars that, generally, a state agency is immune from being cast for interest is dictum, but even this dictum is based on federal cases which are, in turn, based on the common law.
We therefore see that, based on decisions in several common-law jurisdictions and not upon any Louisiana legislation, our courts have incorporated into our jurisprudence this rule exempting government for the legal interest upon its just debts, despite the legislature’s provision that all debts bear interest from the time they became due unless otherwise expressly stipulated.
' It is unnecessary for us to remark that in the Louisiana civil law the source of substantive law should be legislation, with the courts authorized to provide a rule only for the unprovided-for case. LSA-Civil Code, Arts. 1, 21. Techniques of Judicial Interpretation in Louisiana, 22 La.L.Rev. 727 (1962); Daggett, Dainow, Hebert, and McMahon, A Brief for the Civil Law of Louisiana, 12 Tul.L.Rev. 12 (1937); (James J.) Morrison, The Need for a Revision of the Louisiana Civil Code, 11 Tul.L.Rev. 213, 239-241 (1937). As these sources note, any expressions by the courts are not law; they may therefore be revised or overruled when found to be in error, and they must be when in conflict with legislation. Further, the doctrine of stare decisis does not in civil-law Louisiana apply with common-law rigor.
In overruling as ill-advised earlier expressions exempting the state from the obligation of all other debtors to pay interest upon their unpaid obligations, if the Supreme Court should feel that any governmental debtors failed to pay their just debts timely in reliance upon this former rule exempting them from interest liability, then of course the long-recognized Louisiana technique of “prospective overruling” is available to overrule the former doctrine retrospectively as to transactions arising subsequent to the date of the decision only. See, e. g., Levy v. Nitsche, 40 La.Ann. 500, 4 So. 472 (1888); 22 La.L.Rev. 753-754 (1962); Comment, Retrospective Effect of an Overruling Decision, 7 La.L.Rev. 144 (1946). See also Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); cf. also Sumrall v. J. C. Penney Co., 239 La. 762, 120 So.2d 67 (1960).
For these additional reasons, the writer respectfully concurs.

. However, in permitting recovery of legal interest in tort suits — consistently denied in contract suits until the above-cited Pittman case — -, our Supreme Court has found similar reasoning persuasive as authorizing recovery of legal interest against the state. Reeves v. State, 232 La. 116, 94 So.2d 1, approving the reasoning first announced in Guercio v. State, La.App. 1 Cir., 15 So.2d 170 (1943).