517 So.2d 1173 (1987)
Mary Jo Oestriecher BRIGGS, Plaintiff-Appellant,
v.
The HARTFORD INS. CO., et al., Defendants-Appellees.
No. 86-1144.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Rehearing Denied January 26, 1988.
Writ Granted March 25, 1988.
*1174 Humphries & Humphries, G. Earl Humphries III, Alexandria, for plaintiff-appellant.
Jerry Finley, Baton Rouge, for defendants-appellees.
Before FORET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Mary Jo Oestriecher Briggs (hereafter Briggs) appeals the trial court's dismissal of her tort claim against the Louisiana Department of Transportation & Development (hereafter DOTD) for personal injuries she received when her automobile traveled through a stop sign at a "T" intersection. *1175 The trial court determined that Briggs failed to prove that the stop sign was obscured and that the intersection was dangerous. Briggs contends the trial court erred in finding that: 1) the state owned stop sign was not obscured; 2) Briggs presented a circumstantial case and failed to carry her burden of proof; 3) Briggs failed to prove the "T" intersection was not adequately marked; and 4) Briggs was not entitled to damages. We reverse and render.

FACTS
On December 14, 1982, at approximately 11:00 p.m. Briggs' 1972 Chevrolet was proceeding west on Construction Road, a two way undivided street owned and maintained by the Rapides Parish Police Jury. It was dark and had been raining. Briggs was following directions previously given her by a friend on how to get to his house. At the intersection of Louisiana Highway 498 and Construction Road, Briggs did not see a stop sign controlling traffic from Construction Road; she travelled through the "T" intersection, colliding with trees and shrubs on the far side of Louisiana 498. Briggs was taken by ambulance to Huey P. Long Hospital where she remained seven days for treatment of lacerations on her forehead and right knee, and orthopoedic care of two broken bones in her right leg.
Suit was initially brought against DOTD and the Rapides Parish Police Jury. Prior to trial Briggs settled her claim against the Police Jury who maintained Construction Road and tried that portion of the case against DOTD who maintained the stop sign and the intersection.

MANIFEST ERROR
Briggs first contends that the trial court erred in finding that the stop sign at the intersection of Construction Road and Highway 498 was not obscured.
As an intermediate appellate court, we must give great weight to the factual findings and conclusions of the trier of fact, and where there is a conflict in testimony, the reasonable inferences of fact reached by a judge or jury shall not be disturbed. This rule must be followed even though the appellate court may feel that its own evaluations and inferences are just as reasonable. T & G Salvage, Inc. v. Port Petroleum, Inc., 496 So.2d 1386 (La.App. 3rd Cir. 1986).
The plaintiff's burden is to prove her case by a preponderance of the evidence. This burden may be met either by direct or circumstantial evidence. Weber v. Fidelity & Casualty Insurance Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971).
After thoroughly reviewing the record, we conclude that the trial court was clearly wrong in its characterization of this case as one that "rests largely on circumstantial evidence" and in its determination that Briggs failed to prove the stop sign in question was obscured.
Briggs and Tommy Eubanks, an investigator with the Rapides Parish District Attorney's office, gave direct testimony regarding the stop sign. Briggs testified that on the night of the accident it was raining, the intersection was unlighted and she did not see the stop sign because it was obscured. Eubanks visited the scene the day after the accident and also testified that the stop sign was obscured. He identified without contradiction pictures of the scene, though taken a year after the accident, which depicted the stop sign obscured by trees and shrubbery were similar to the way the scene looked at the time of the accident. Pictures of Briggs' automobile, taken at a different location in the city on the day following the accident, corroborate her contention that even though it was December, the trees still were foliated.
The trial court unduly emphasized what it said was Briggs' failure to ask two witnesses, State Trooper Darrell Blair, who lived in the neighborhood, and James D. Williams, a store owner in the area, questions regarding the condition of the stop sign on the date of the accident, intimating an adverse conclusion by this failure. The record does not support this conclusion both were questioned about their recollection of the accident scene and testified that *1176 they did not recall the condition of the foliage.
The only other direct testimony regarding the stop sign was given by State Trooper Douglas Gremillion, the officer who investigated the accident. Though DOTD relies on him in support of its contention that the stop sign was unobscured, a review of his testimony as a whole reveals that he did not remember exactly the condition of the trees on the night of the accident.
Therefore we conclude that the trial court was manifestly erroneous in its determination that Briggs failed to prove by a preponderance of the evidence that the stop sign was obscured.

LIABILITY
Briggs contends that the intersection was marked just with an obscured stop sign and additional signing was required because this was a "T" intersection.
DOTD is not responsible for every accident which occurs on state highways. It is not a guarantor of the safety of travelers or an insurer against all injury or damage which may result from highway defects. The duty of DOTD is only to see that state highways are reasonably safe for persons exercising ordinary care and reasonable prudence. DOTD is liable for damages only when it is shown 1) that the hazardous condition complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent driver; and 2) that DOTD had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it. Bernard v. Department of Highways, 381 So.2d 1303 (La.App. 4th Cir. 1980), writ denied, 385 So.2d 1199 (La. 1980). One is presumed to have constructive knowledge of a defect or dangerous condition when it is shown it existed for such a long time that knowledge thereof can be presumed, or that it can be said one should have had knowledge of the condition. Gayle v. Department of Highways, 205 So.2d 775 (La.App. 1st Cir.1967), writs denied, 207 So.2d 538, 539 (1967).
The determination of whether the condition of a highway is dangerous and hazardous to an ordinary prudent driver is a factual one, and the court should consider physical aspects of the roadway, frequency of accidents at that place in the highway and expert testimony. Besnard, supra.
Finally, in Reeves v. State, 80 So.2d 206 (La.App. 2nd Cir.1955), affirmed, 232 La. 116, 94 So.2d 1 (1957), the court stated:
"The general rule is also well established and recognized in the jurisprudence of this state that a motorist using a public highway has a right to presume and to act upon the presumption that the highway is safe for the usual and ordinary traffic, either in daytime or at night, and that he is not required to anticipate extraordinary danger, impediments or obstructions to which his attention has not been directed.
Blashfield's Cyclopedia of Automobile Law and practice, Volume 5A, 387, `Highways', § 3320, states such rule as follows:
'In the absence of notice to the contrary, there are certain assumptions which may be indulged by a motorist as to the condition of public streets and highways, whether he be traveling by day or night. Among these are: (a) That the way is reasonably safe for travel and free from defects and unlawful obstructions; (b). That those charged with the duty of keeping it so have exercised a proper degree of diligence in so doing; (c) That it will not be obstructed unlawfully or in such a manner as to cause an injury to him while he is in the exercise of due and reasonable care; ...'"
In finding the condition of the intersection was not unreasonably dangerous, the trial court disregarded Briggs' expert testimony because it found the stop sign unobscured. Because of our findings delineated above we conclude otherwise.
The evidence preponderates that the stop sign is within DOTD's right of way, is under its control and that DOTD employees regularly inspect this right of way.
Briggs contends the intersection was unreasonably dangerous to normal use. We *1177 agree. The only regulatory sign on Construction Road at its intersection with Highway 498 was an obscured stop sign. As found by the trial court this intersection has been the scene of at least two or three accidents.
Construction Road inclines as it meets Highway 498; meanwhile Highway 498 declines at the intersection because of a curve. The area is very dark and unlighted. Coming from Construction Road there are trees on the opposite side of the intersection which do not reflect headlights, and as testified to by Duaine Evans, Briggs' expert in highway construction and signing, the appearance to a driver at night would be like looking into a void.
Under these circumstances, we conclude, as Evans opined, that DOTD should have maintained the stop sign so that it was free from obstructions and should have posted a double arrow sign, as well as hazard markers, at the end of Construction Road across Highway 498.

APPORTIONMENT OF FAULT
DOTD contends that Briggs was at least partially at fault in causing this accident and her recovery should be reduced accordingly.
After carefully reviewing the record in light of the criteria outlined in Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985), we find Briggs free from fault. She was traveling Construction Road for the first time, it was raining, and because of the obscured stop sign, she had no warning that the road came to an abrupt end.

QUANTUM
Because of the trial court's determination that Briggs was solely at fault, it did not reach the question of damages. However, the complete record is before us and we will decide the damages due Briggs. See Ledbetter v. State Dept. of Transp. & Dev., 482 So.2d 1035 (La.App. 3d Cir.1986), affirmed, 502 So.2d 1383 (La. 1987).
At the time of the accident Briggs was 22 years of age and unemployed. As a result of the accident she suffered a 6 centimeter irregular laceration on the forehead, lacerations on both knees and a fracture of the right distal tibia and fibula. She remained hospitalized 7 days for treatment of these injuries. Her right leg was placed in a cast which remained on for approximatly two to three months.
Briggs seeks an award for the loss of her automobile, future medical expenses for plastic surgery to repair her facial laceration, loss of future income and general damages for permanent facial scarring and the fracture of her leg.
Considering the injuries Briggs received, we conclude that she is entitled to: $750 for the loss of her automobile; $2000 for future medical expenses; and general damages of $30,000. In making this award we find that Briggs failed to prove with sufficient certainty any loss of future income.
DOTD answered Briggs' law suit seeking a set off of $941 against any award made. This sum represents medical expenses Briggs incurred at Huey P. Long Hospital, a state owned hospital, which Briggs was not required to pay. Accordingly, DOTD is entitled to a set off totaling $941.

RECONVENTIONAL DEMAND
In its brief DOTD contends that since Briggs released the Rapides Parish Police Jury and its insurer, a party against whom DOTD brought a third party demand for contribution, it is entitled to a pro rata reduction of the judgment.
DOTD filed a third party demand against the Rapides Parish Police Jury for their virile share of any judgment DOTD might be ordered to pay, or alternatively, for the percentage of fault attributable to the police jury for causing Briggs' damages.
Because the trial court dismissed Briggs' law suit it never reached DOTD's third party demand.
We conclude that DOTD is not entitled to a pro rata reduction of the judgment rendered *1178 herein against it. The record shows that the Rapides Parish Police Jury never answered DOTD's third party demand.
No preliminary default was entered against the police jury at the time of the trial of the main demand and no party moved for a severance of DOTD's incidental demand. Had DOTD been cast in judgment below, the trial court could not have granted it any relief against the third party defendant because no preliminary default had been entered. Likewise, since there has been no adjudication that DOTD and the police jury are solidarily liable and no default entered, we cannot grant DOTD the relief it requests. See All Hans Credit Union v. Saucier, 143 So.2d 281 (La.App. 4th Cir.1962).
For the foregoing reasons, the judgment of the trial court is reversed and set aside. IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Mary Jo Oestriecher Briggs and against the State of Louisiana through the Department of Transportation and Development in the sum of $32,750 together with judicial interest from the date of judicial demand until paid subject to a set off in favor of the State of Louisiana in the sum of $941, representing medical expenses incurred at Huey P. Long Hospital. Costs of the trial court and this appeal are assessed against the State of Louisiana, through the Department of Transportation and Development.
REVERSED AND RENDERED.
FORET, J., concurs and assigns written reasons.
FORET, Judge, concurring.
I file this concurring opinion to state that I agree with the result reached by the majority review. However, I am not convinced that the State is liable for the faulty and obscured stop sign. The stop sign was on a police jury road, it was directed to persons traveling on the police jury road, and it was the police jury's responsibility to maintain the stop sign. As a matter of fact, the police jury did settle out of court and before trial, with the plaintiff. The amount of that settlement is not before us. However, I find that the DOTD was negligent for having failed to place a double arrow sign, a barricade, or some similar warning sign at the top of the "T" intersection on its own right-of-way to warn the public traveling on the police jury road as it came up the leg of the "T" intersection. For that reason, I will concur in the result holding the State liable. I also agree with the majority review that the plaintiff was not at fault in the accident.