BECKER, Judge.
This appeal arises from an expropriation suit instituted by the State of Louisiana, Department of Transportation and Devel *53 opment against Mr. and Mrs. Edward Kass. The State, through the Department of Transportation and Development, expropriated 2.543 acres of land from the defendants under the “quick-taking” statute, L.S.A.-R.S. 48:441 et seq.
The defendants answered the State’s petition and reconvened, alleging that the monies placed in the registry of the court were not “just compensation” for the property taken. After a trial on the merits, the trial court granted the defendants damages in the amount of $25,825.60. The trial court found that the fair market value of the acreage taken was $20,852.60. The court also awarded $5,000.00 for the loss of defendants’ crawfish pond, cypress trees, fences and other improvements.
After deducting the amount placed in the court’s registry ($5,002.00) from the damage award, the trial court granted defendants attorney’s fees in the amount of $5,212.50 (twenty-five percent of the difference between the amount awarded by the court and the amount placed in the court’s registry). The trial court further awarded defendants legal interest on the damages and attorney fees awarded.
The State has appealed, arguing that the trial court erred in assessing legal interest on the award of attorney fees.
Attorney fees are awardable in expropriation cases under L.S.A.-R.S. 48:453 E, which provides in pertinent part,
“Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount in the registry of the court.”
Further, L.S.A.-R.S. 48:455 [1] provides that a judgment rendered in expropriation suits shall include,
“as part of the just compensation awarded, legal interest on the amount finally awarded as of the date title vests in the plaintiff to the date of payment, but interest shall not be allowed on so much thereof as has been deposited in the registry of the court.”
The First and Third Circuits Courts of Appeal have interpreted these statutes to preclude legal interest on awards for attorney fees in expropriation cases. See East Baton Rouge Parish v. Hays, 527 So.2d 1088 (La.App. 1st Cir.1988), writ denied, 532 So.2d 152 (La.1988).
State Department of Transportation v. C. Schexnayder, Inc., 485 So.2d 939 (La.App. 1st Cir.1986); State, through Department of Transportation v. Townsend, 473 So.2d 99 (La.App. 3rd Cir. 1985), writ denied, 477 So.2d 712 (La.1985); and State, Department of Transportation & Development v. Taylor, 461 So.2d 1282 (La.App. 3rd Cir. 1985), writ denied, 464 So.2d 1382, 1383 (La.1985).
We agree with our brethren on the Third Circuit Court of Appeal that
“La.R.S. 48:453E speaks of attorney fees being awarded based on the difference between ‘the judgment’ and the amount deposited into the registry of the court. Section 453E presupposes that a ‘judgment’ is already in existence at the time attorney fees are assessed, for if no judgment existed prior to the award of attorney fees, the statutory formula for arriving at attorney fees could never be employed. Thus the fees cannot form a part of the judgment insofar as interest thereon is concerned.” State, Department of Transportation v. Taylor, supra at 1285.
Attorney fees therefore are not an element of the damages which constitute “just *54 compensation” in expropriation cases. They are merely accessory awards based upon the existence of a judgment. Clearly, such awards of attorney fees do not fall within the purview of R.S. 48:455. Further, the jurisprudence is clear that the State is not responsible for legal interest unless mandated by express statute or stipulation. Makofsky v. Department of Highways, 205 La. 1029, 18 So.2d 605 (1944); Jefferson Lake Sulphur Company, Inc. v. State, 213 La. 1, 34 So.2d 331 (1947).
Accordingly, we find that the trial court did commit error in granting legal interest on the award of attorney fees. The trial court’s judgment assessing legal interest on the award of attorney fees is reversed.
We note that it is apparent from the trial court’s judgment that it was the trial judge’s intention that legal interest and attorney fees of twenty-five per cent be assessed on the damage award. Therefore, in accordance with pre-1988 amendment of R.S. 48:455 and 48:453 E, the trial court’s judgment is modified to award legal interest on the difference between the amount of damages awarded by the trial court ($25,852.60) and the amount placed in the registry of the court ($5,002.00). The judgment is further modified to assess attorney fees of twenty-five percent on the “just compensation” award, that is, the difference between the amount of damages awarded and the amount placed in the court’s registry and the legal interest thereon.
REVERSED IN PART; MODIFIED IN PART.

. We note that Act 882 of 1988 amending L.S. A.-R.S. 48:455 was signed by the governor on July 19, 1988, twenty days after the trial court’s judgment. Act 882 amended the statute to read as follows:
"If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of legal demand until paid, but such interest shall not accrue on any award made for expert fees or attorney fees prior to judgment.”