Dear Judge McIntyre:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment of advanced court costs by Franklin Medical Center. You state in the past year Franklin Medical Center has filed 115 suits of the total of 168 suits that were filed in Winnsboro City Court; and that Franklin Medical Center not only files Petitions for Open Account, but file Rules for Judgment Debtor Examination, Writs of Seizure and Sales, Petitions for Garnishment. Under these circumstances you ask the following questions:
 1. Can the Franklin Medical Center which is a political subdivision of the Franklin Parish Police Jury file civil suits in Winnsboro City Court without the payment of advance court costs or costs as they accrue;
 2. If the answer to number 1 is in the affirmative, can the Winnsboro City Court limit the number of suits filed by the Franklin Medical Center wherein the latter is not required to pay advance court costs or costs as they accrue;
 3. If the Winnsboro City Court can require the Franklin Medical Center to pay court costs or costs as they accrue in some or all civil filings, which civil filing may the Winnsboro City Court require such advance court costs and costs as they accrue; and can the Winnsboro City Court now require the Franklin Medical Center to pay the advance court costs and costs as they have accrued in the past civil filings for which the Franklin Medical Center is responsible for said costs?
In accordance with R.S. 13:4521 the state nor political subdivisions shall be required to pay court costs prior to an adverse judgment in "any judicial proceeding instituted by or against the state or the political subdivision" except for limited statutory exceptions such as expropriations or when the state of municipality demands a jury trial. This is has long been supported by the jurisprudence, and it is recognized a change from this policy must be by the Legislature. Makofsky v. Dept. of Highways, 205 La. 1029, 18 So.2d 605 (1944); State v. Succ. of Taylor, 33 La.Ann 1270 (1881). Moreover, we particularly note that the statute is relative to "any" judicial proceeding.
Based upon the statutory law and jurisprudence, we must conclude that the Franklin Medical Center, as a political subdivision, can file civil suits in Winnsboro City Court without the payment of advance court costs or costs as they accrue. We find no authority to permit the Court to limit the suits to be filed wherein payment of court costs are exempt, and find the courts are required to adjudicate all suits without advance court costs or accrued costs that have been or will be filed by Franklin Medical Center. We believe the only solution would be amending legislation.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR