JjROBERT J. BURNS, Judge Pro Tem.
Plaintiff-appellant, Pauline Atwood, sued Barbara Douglas, her husband, Bob Douglas, and their insurer, State Farm Mutual Automobile Insurance Company, for personal injuries sustained in an automobile accident on December 23, 1991 on Veterans Highway in Metairie, Louisiana. A jury rendered a verdict finding Barbara Douglas 35% at fault but plaintiff Atwood 65% at fault in connection with the accident. The trial judge denied a motion for a new trial and a motion for judgment notwithstanding the verdict.
On appeal, Atwood argues that (1) the jury’s allocation of fault was in error and (2) *1189 the jury’s award of damages to her was grossly inadequate and an abuse of discretion.
We affirm because while we disagree with the high percentage of fault attributed to plaintiff, we cannot say the jury was clearly wrong. Nor can we say that the jury’s award of damages is an abuse of the jury’s much discretion.
FACTS
The accident occurred as Barbara Douglas was attempting to make a left turn across three lanes of traffic heading westbound on Veterans Boulevard. At the time of the accident, the traffic along Veterans Boulevard was heavy and had backed up for some distance due to a traffic light at the intersection of Power Boulevard and ^Veterans. Vehicles traveling westbound on Veterans had stopped while awaiting the traffic light ahead at Power Boulevard to change. However, the westbound traffic on Veterans left an opening to permit traffic to turn left across Veterans into a Walgreen Drug Store parking lot located adjacent to Veterans Boulevard.
Barbara Douglas, driving a 1991 Dodge van eastbound on Veterans, entered the left turn lane to cross the westbound lanes of Veterans in an effort to reach the Walgreen Drug Store. Douglas stopped her vehicle prior to crossing the inside or first lane of westbound traffic and prior to crossing the middle lane of traffic. After successfully traversing the first two westbound lanes, Douglas again stopped her vehicle prior to beginning her attempt to traverse the third or outside lane of traffic. As Douglas attempted to cross the third lane, her vehicle was struck by plaintiffs vehicle which was traveling westbound in the third or outside lane.
Erica Willis testified that she was driving a vehicle in the middle lane of the westbound Veterans traffic and was stopped in that lane of traffic as Douglas traversed the westbound lanes of Veterans. She testified that Douglas stopped her vehicle at the line which divided the middle and third lanes and that Douglas looked to her right prior to proceeding into the third lane. Willis testified that Douglas’s vehicle did not “creep out” into the third lane but proceeded into that lane after stopping and looking to her right for oncom- ■ ing traffic.
Barbara Douglas testified that she “crept out” or “inched” her way into the third lane of traffic and that, although she looked to her right to see if there was oncoming traffic, she did not see the Atwood vehicle approaching from the right. She stated that her ear was hit when it reached one-fourth of the way into the lane of traffic. She estimated her speed at the time of impact to be between 5 and 7 miles per hour. She was not injured in the accident. Douglas also stated that Erica Willis was not the person driving the vehicle in the middle lane of traffic who motioned to Douglas that Douglas could enter the middle lane of traffic prior |3to her entrance into the third lane of traffic.
Pauline Atwood testified that she was watching a ear approaching Veterans from her right out of a side street as she was proceeding west on Veterans. Atwood testified that she thought this other vehicle would pull out onto Veterans in front of her vehicle so she slowed her vehicle to 30 miles per hour. She testified that she did not look to her left and did not see the Douglas vehicle in front of her until it was too late to avoid the collision. Atwood applied her brakes in an effort to avoid the accident, to no avail.
FAULT ALLOCATION BY JURY
This case involves a purely factual dispute. Although our appellate review under Louisiana Constitution Art. V, Sec. 10(B) extends to both law and facts, “[w]hen there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.” Canter v. Koehnng, 283 So.2d 716, 724 (La.1973). Credibility determinations are subject to the strictest deference and the manifest error-clearly wrong standard demands great deference for the trier of fact’s findings. Lirette v. State Farm Insurance Company, 563 So.2d 850, 852 (La.1990). We must give great weight to factual conclusions of the *1190 trier of fact and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should-not be disturbed upon review, even though we may feel that our own evaluations and inferences are as reasonable.
We cannot say the jury’s allocation of fault was clearly wrong. The jury obviously made a credibility determination of the witnesses and parties who testified in reaching the allocation of fault. The jury’s determination of fault was not unreasonable.
Atwood argues that the jury’s finding of fault was contrary to the provisions of La. R.S. 32:123. This statute requires the driver of a vehicle stopped at a stop sign to yield the right of Uway to all vehicles approaching the intersection in such a manner as to constitute an immediate hazard.
Although it is true that a vehicle crossing a favored street must yield the right of way, it is also true that the failure to keep a proper lookout is negligence.
Based on Atwood’s testimony as to her failure to look and observe the traffic to her left as she proceeded along Veterans, it is clear that the jury felt that this lack of a proper lookout played a major role in causing the accident. While we disagree, we cannot say the allocation of fault was clearly wrong.
DAMAGES
In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. La.C.C. art. 2324.1.
Atwood argues that the jury’s awards of $2,500.00 for past, present, and future pain and suffering and $6,500.00 for past, present, and future medical expenses were grossly inadequate.
Following the accident, Atwood was treated at the East Jefferson Hospital emergency room and released. She testified that she hit her head above her ear and her left cheekbone hit the glass in her car’s window. She also claimed that she injured her neck and back in the accident.
Atwood was subsequently seen by Dr. Bernard Manale, an orthopedic surgeon, on January 23, 1992, one month after the accident. Dr. Manale’s diagnosis was sprains in the neck and back superimposed over Atwood’s pre-existing degenerative condition of her spine. Dr. Manale prescribed medication and physical therapy for Atwood’s injuries. In February 1992, Atwood went on a seven day cruise in the Caribbean. In June 1992, Atwood experienced intense back pain when she exerted herself cleaning up leaves and twigs in her yard. Dr. Manale continued to treat her symptoms of neck and back pain through 1992, 1993 and through the date of trial in November 1994.
Atwood had a long-standing history of a degenerative arthritic 15condition of her spine with neck and back pain. Dr. Manale had treated Atwood for back and neck pain since 1978. In 1977, Atwood was injured in an automobile accident and treated by Dr. Ma-nale for neck and back pain. In January 1979, Dr. Manale performed a two-level cervical fusion on Atwood. A lumbar myelo-gram ordered by Dr. Manale revealed a bulging herniated disc at Atwood’s L3-4 level of the lumbar region of her spine. She declined Dr. Manale’s offer of back surgery. In 1981, Atwood was considered by Dr. Manale as being permanently disabled with a poor prognosis.
In 1984, Atwood was again injured as a result of being dragged by a dog. Her neck and back condition worsened from this accident and Dr. Manale treated her throughout 1985 and 1986. At the time of the accident, Atwood was taking medication for her neck and back pain.
Dr. Edmond C. Landry, an orthopedic surgeon, examined Atwood in December 1992. In his opinion, Atwood had sustained a neck and back sprain from the accident in December 1991 which aggravated her pre-existing condition. In Dr. Landry’s opinion, the aggravation of Atwood’s condition should have been resolved within six to twelve weeks after the accident of December 1991.
We have carefully reviewed the medical opinions in this case and the entire history of Atwood’s neck and back problems, Atwood’s age and the important events, i.e., the Caribbean cruise in February 1992 and the inci *1191 dent in June 1992, which took place after the accident. It is clear to us that the jury was not impressed with the testimony of Atwood and her treating physician. We are therefore compelled to conclude that the jury did not abuse its vast discretion in determining the amounts awarded to Atwood.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff-appellant is east for all costs of this appeal.
AFFIRMED.