694 So.2d 411 (1997)
Lynda JOHNSON, Plaintiff-Appellant,
v.
SAFEWAY INSURANCE COMPANY, et al., Defendants-Appellees.
No. 96-910.
Court of Appeal of Louisiana, Third Circuit.
February 19, 1997.
Order Clarifying Decision on Rehearing June 4, 1997.
*412 George Arthur Flournoy, Oakley, for Lynda Johnson, et al.
Tracy L. Oakley, Ruston, for Safeway Ins. Co., et al.
Before YELVERTON, COOKS and DECUIR, JJ.
COOKS, Judge.
Plaintiff appeals the trial court's judgment dismissing her suit for damages associated with the injuries suffered by her son when he was struck by a vehicle. For the following reasons, we reverse.

FACTS
On the morning of March 1, 1995, James Desha, then six years old, left his mother's house on Lafayette Street in Natchitoches to board the morning school bus. James was running toward the intersection of Lafayette Street and 6th Street toward a bus stop. At the intersection there were stop signs for vehicles proceeding on Lafayette Street, but none for 6th Street. When he reached the intersection, James continued to run across and was struck by a vehicle driven by James Smith. Smith was traveling down 6th Street on his way to work. He testified he was traveling at a speed of 20 to 25 miles per hour as he approached the intersection. The speed limit on 6th Street was 25 miles per hour. Jackie Manausa, Smith's guest passenger, corroborated his testimony regarding the speed at which he was operating his *413 vehicle. Jesse Burton, who was walking near the site at the time of the accident, testified he felt Smith was doing "thirty or thirty-five."
The trial court dismissed the mother's suit for damages because it found Smith's line of vision was blocked by a hedge, and Smith "could not have seen James until the child cleared the corner hedges and entered the street." The trial court felt Smith "did the best he could to avoid hitting [the child]."
The mother has appealed the judgment of the trial court alleging the following assignments of error:
1. The lower court erred in deciding defendant was driving reasonably and being attentive and that defendant's view down Lafayette Street was blocked by a hedge, which prevented him from seeing the young boy until he cleared the hedge.
2. The lower court erred, legally, in concluding defendant had fulfilled his duty to exercise the highest degree of care to avoid injury to this child.

ANALYSIS
The allocation of fault is a factual finding which an appellate court should not disturb unless, on articulated and detailed analysis and reasons, that finding is demonstrably wrong. Pitts v. Bailes, 551 So.2d 1363 (La.App. 3 Cir.), writ denied, 553 So.2d 860 (La.1989).
Louisiana law has consistently required "extra special protection for pedestrians." Blair v. Tynes, 621 So.2d 591 (La. 1993). Our law imposes an additional burden upon motorists approaching a pedestrian crosswalk requiring them to use more than ordinary care to see what is ahead; they must expect that people may be crossing and be prepared for that possibility. Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978). This is especially so in residential neighborhoods, where school children are expected and frequently inattentive.
Louisiana law does not impose absolute or strict liability upon a motorist involved in a collision with a pedestrian. Aetna Cas. & Sur. Co. v. Nero, 425 So.2d 730 (La.1983); Uriegas v. Gainsco, 94-1400 (La. App. 3 Cir. 9/13/95); 663 So.2d 162. Although motorists are not the insurers of pedestrians' safety, a motorist is statutorily obligated to exercise due care to avoid colliding with any pedestrian upon the roadway and must give warning to the pedestrian by sounding the horn when necessary. Uriegas, 663 So.2d 162; Puearry v. Department of Pub. Safety, 496 So.2d 1372 (La.App. 3 Cir. 1986). Furthermore, a motorist must exercise proper precaution once observing any child or any confused or incapacitated person nearing a highway. La.R.S. 32:214.
A determination of negligence in motorist/pedestrian accidents rests upon the particular facts and circumstances of each case. Myles v. Turner, 24,198 (La.App. 2 Cir. 1/19/94); 632 So.2d 384. We are convinced the trial court manifestly erred in concluding Smith was not at fault in causing the mishap. Smith legally was required to exercise a high degree of care while traveling in a residential area where young children were scurrying about and rushing to board school buses.
We also cannot agree with the trial court's finding that Smith's line of vision was blocked by a hedge. The accident report prepared by the investigating police officer indicated there were no vision obscurements present. While the pictures show there were hedges at the intersection, they do not appear to totally obscure all vision. Jesse Burton testified there were bushes on the corner of Lafayette and 6th Streets, but a driver could see over them.
The record revealed Smith did not see James' two sisters who were waiting for the bus and standing at a corner in Smith's line of vision near the intersection. Both girls were waving their arms as their brother was approaching the intersection. Jackie Manausa, the passenger in Smith's car, noticed the two girls waving their arms; Smith did not. Smith also did not see Emma Sykes' parked car near the intersection on Lafayette St. Even Smith admits he did not apply his brakes until Jackie Manausa alerted him to the child's presence.
*414 The record convinces us Smith did not exhibit the high degree of care required of a motorist under the circumstances. The presence of children on the road places the highest duty of care on motorists, requiring them to take every available means to avoid injury. At the very least, Smith should have noticed the two girls waving their arms, and taken a more cautious approach as he neared the intersection. We also find, after reviewing the pictures, an attentive motorist could have seen a young boy approaching 6th Street from Lafayette Street. The trial court manifestly erred in finding Smith was totally free from fault.
Although young James acted negligently, he was only six (6) years old at the time of the accident. We must determine whether his fault is imputable to him. The general rule is that a child may be held negligent but is not held to the same standard of care as an adult. The test is whether the particular child, considering his age, background and inherent intelligence, indulged in gross disregard of his own safety in the face of a known risk, and whether he understood and perceived the danger. Carter v. City Parish Government, Etc., 423 So.2d 1080 (La.1982). Although troublesome in this case where little testimony indicates James' understanding and intelligence, we believe a six year old boy understands he should not cross a street without first looking for oncoming traffic.
A pedestrian is charged with a duty to exercise reasonable care when entering a roadway or a crosswalk. Miller v. Bailey, 621 So.2d 1174 (La.App. 3 Cir.), writ denied, 629 So.2d 358 (La.1993). The record is clear James ran into the roadway without looking for oncoming cars.
Utilizing comparative fault analysis, we find Smith and James were each fifty (50) percent at fault in causing the mishap.

QUANTUM
Because the trial court determined Smith was not negligent, it did not reach the question of damages. However, the complete record is before us and we elect to decide this issue on appeal. Ledbetter v. State Dept. of Transp. & Dev., 482 So.2d 1035 (La.App. 3 Cir.1986), affirmed, 502 So.2d 1383 (La.1987).
James suffered a fractured left arm, left leg and a scar on his forehead. James remained in the hospital in Shreveport for approximately one month, and spent a great deal of time in traction. After release from the hospital, he wore a body cast for weeks. While James should recover fully from his broken bones, the scar on his forehead is permanent.
The $40,000.00 requested for James' injuries is reasonable and in keeping with past jurisprudential awards for similar injuries. See Fleming v. Smith, 93-488 (La.App. 5 Cir. 5/31/94); 638 So.2d 467; Briggs v. Hartford Ins. Co., 517 So.2d 1173 (La.App. 3 Cir.1987), writ granted, 521 So.2d 1160 (La. 1988), aff'd in part, rev'd in part, 532 So.2d 1154 (La.1988).
The mother also requested an award for her mental anguish and economic loss. Moments after the accident, she saw her young child lying in the street unconscious and bleeding. She testified she thought he was dead. She accompanied James to the hospital. Although she was immediately assured at the hospital her son would live, she was informed there was the possibility he sustained brain damage. Lynda spent the majority of the next four weeks driving to Shreveport to stay with James. During this time she was unable to work. When released from the hospital, James required nearly around the clock care. She asked this court to award her $20,000.00 for mental anguish. Reviewing the record, we find this amount is reasonable. Plaintiff also is entitled to recover $3,396.50 for James' medical expenses. All the awards are subject to a fifty (50) percent reduction for James' comparative fault.

DECREE
We reverse the judgment of the trial court and find both James Smith and James Desha fifty (50) percent at fault. Plaintiff is awarded $40,000 in general damages on behalf of her son for the injuries he sustained and $20,000 for her mental anguish, plus $3,396.50 for James' medical expenses. Accordingly, *415 judgment is rendered against defendants in plaintiff's favor in the amount of $63,396.50, less a 50% reduction for the comparative fault of James Desha. All costs of the proceeding below and on appeal are cast against defendants.
REVERSED AND RENDERED.

ON REHEARING
We granted rehearing in this case to clarify the amount which plaintiffs may recover in this case. La.Code Civ.P art. 4843(E) sets the jurisdictional limit of the Natchitoches City Court at $15,000.00. Therefore, the judgment is clarified to award James Desha $15,000.00 and the mother, Lynda Johnson, $11,698.25 for her individual award for medical expenses and mental anguish.