| iGRISBAUM, Judge.
This appeal relates to a personal injury action resulting from an automobile accident. We affirm.

ISSUE

The sole issue presented is whether the trial court erred in concluding that appellant’s own negligent conduct was the proximate cause of the accident.

FACTS AND PROCEDURAL HISTORY

The plaintiff, Bruce Marcev, was injured on July 25, 1994, when he collided with Ruthie Riley’s car as he was crossing La. Hwy. 636-1 in LaPlace, Louisiana. Mr. Marcev, a route salesman for a bottled water supplier, had just completed paperwork on a delivery to Brooks Products and was crossing the road at a jog to return to his delivery truck. As he crossed the road, he and Ms. Riley’s oncoming vehicle collided, and he was tossed into the air and bounced off the windshield. |2He sustained cuts, bruises, and injuries to his leg and knee, which eventually required surgery.
Mr. Marcev sued Ms. Riley, her insurer, Allstate Insurance Company, and his own underinsured motorists insurance carrier, Liberty Mutual Fire Insurance Company.
After a bench trial, the trial court rendered judgment, dismissing Mr. Marcev’s claims and finding moot the incidental demands filed by the other parties. It is from this judgment that Mr. Marcev now appeals.

*354
STANDARD OF REVIEW

We must be ever mindful that, in reviewing factual issues, our role is extremely limited in that we are permitted to disturb the factual findings of the trier of fact only when they are manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989); Ryals v. Louisiana Power & Light Co., 94-50 (La. App. 5th Cir. 4/26/94), 636 So.2d 1064.

LAW AND ANALYSIS

By his own admission, the plaintiff-appellant stated that he entered the roadway at a jog and failed to see the appellee’s car. It must be remembered that negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm. Dobson v. Louisiana Power & Light Co., 567 So.2d 569 (La.1990). In this case, there was no unreasonable risk of harm. What duty can an automobile driver owe a pedestrian other than to drive in her lane of traffic, at a moderate speed, obeying all traffic laws and paying attention? Additionally, La. R.S. 32:213(A) provides that “Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the roadway.”
la While this is certainly a tragic and unfortunate accident, we do not feel it would be prudent or legally correct to allow a plaintiff to recover damages for an accident caused when he or she carelessly darts out into moving traffic. Despite the fact that the person in the automobile is less likely to be injured, the legal duty is on the pedestrian not to leave his safe harbor until he is certain he can safely cross.
Accordingly, the judgment of the trial court is hereby affirmed.

AFFIRMED.

WICKER, J., dissents with written reasons.
GAUDIN, J., dissents for reasons assigned by WICKER, J.