1CLARENCE E. McMANUS, Judge.
In this personal injury action, the Plaintiff challenges the quantum of damages awarded in a judgment in her favor. Because we see no error in the trial court’s award or judgment, the decision of the trial court is affirmed.
STATEMENT OF THE CASE
This lawsuit arises out of a car accident in which the Plaintiff, Teresa Bergeron, suffered neck and back injuries. On September 23, 1999, the Plaintiff filed a Petition for Damages against the driver and owner of the other car involved, Genevieve and Billy Caston, and their liability insurer, Allstate Indemnity Company. Also named as a Defendant was Ms. Bergeron’s underinsured motorist insurer, GEICO Insurance Company.
On January 11, 2000, the Plaintiff filed an amended petition adding the Parish of St. John the Baptist as a Defendant. However, on May 25, 2000, this Defendant was dismissed. On June 9, 2000, the Plaintiff filed a second amended petition adding an additional damage claim for automobile depreciation. GEICO filed a Motion to Strike the Plaintiffs second amended petition claiming that it violated a May 11, 2000 court order requiring that all amended pleadings be filed no later than forty-five days prior to July 2, 2000, the discovery cut-off date. Because the Plain *247 tiffs second amended petition was filed after the cut-off date set forth in the trial court’s order, the trial court granted GEI-CO’s Motion to Strike and dismissed the Plaintiffs second amended petition.
On August 2, 2000, the case was tried as a bench trial. The trial court found the Defendant liable and awarded the Plaintiff $24,291.73 plus judicial interest and costs. The Defendants filed a Motion for New Trial arguing that the trial court failed to consider applicable insurance policy limits of each Defendant insurer. The trial court granted the ^Defendants’ Motion for New Trial and reduced its award of special damages by $2,500.00.
The trial court found the Defendant driver liable and the Plaintiff to be free from fault. On appeal, the Plaintiff only challenges the award of damages. Accordingly, any discussion of the facts surrounding this auto accident is pretermitted.
ASSIGNMENT OF ERROR NUMBER ONE
As her first assignment of error, the Plaintiff argues that the trial court erred in implicitly finding that her employer’s Employee Welfare Plan had to intervene in this lawsuit to be paid or protected.
This issue arises out of the fact that the Plaintiff accepted short-term disability benefits from her employer, Cargill, Inc. Cargill’s Employee Welfare Plan paid benefits to the Plaintiff during her time of injury. The Plaintiff seeks to recover all of her medical expenses paid by Cargill, Inc. She also seeks to recover her lost wages. The Plaintiff submits that both of these items must be reimbursed by her to her employer’s Employee Welfare Plan.
The Plaintiff further argues that such a plan is covered under federal law, which preempts any state subrogation law. According to the Plaintiff, if she does not reimburse these expenses, the administrator of the Plan can bring an action in federal court to compel reimbursement.
The Plaintiff cites almost no authority in support of this assignment of error. In its reasons for judgment, the trial court stated as follows on this issue:
The court notes that plaintiff was paid wages under a short term disability policy. At no point in these proceedings did the carrier come forward and ask to be paid or protected. The court concludes that the subrogation matter is closed and any attempts to collect on this sub-rogation are without merit.
We agree with the trial court. The trial court was under no obligation to determine the rights or liabilities of this non-intervening third party, nor was the trial court obligated to cast the Defendants in judgment for these amounts.
ASSIGNMENT OF ERROR NUMBER TWO
In her second assignment of error, the Plaintiff argues that the trial court erred in dismissing her Second Amended Petition alleging the decrease in the value of her car as additional damages.
laThe Defendants respond that the Plaintiff was already paid for collision damages pursuant to a property damage settlement entered into between her and Allstate. Furthermore, the amended petition was untimely filed in violation of the trial court’s Status Conference Order of May 11, 2000.
The Plaintiff claims that the settlement referred to above should be set aside because Allstate did not engage in fair dealing with her. According to the Plaintiff, Allstate did not inform her that she could receive property damage for the depreciation in her car as well as the other damages she settled for. The Plaintiff argues *248 that Allstate did not act in good faith in entering into this settlement.
Under Louisiana Civil Code Article 3078, settlement agreements have the force of law between the parties. They cannot be attacked on account of any error in law or any lesion. Importantly, they have the authority of things adjudged. Accordingly, we see no basis to set aside this settlement. Furthermore, the addition of this claim in the Second Amended Petition was clearly untimely as stated by the trial court.
ASSIGNMENT OF ERROR NUMBER THREE AND FOUR
In these assignments of error, the Plaintiff is basically arguing that the trial court erred in its award of damages, including the quantum for lost wages, medical expenses, and pain and suffering.
In its amended judgment, the trial court rendered the following award of damages: $10,000.00 against the Castons and Allstate Indemnity; $10,000.00 against GEICO on the Plaintiffs underinsured motorist policy; and $1,791.73 against Genevieve Ca-ston and Billy Caston, personally. The amounts awarded against the Defendant insurance companies exhausted the coverage policy limits.
We now review the Plaintiffs challenge of the trial court’s award of damages. As stated above, this case arose out of an automobile accident. Following this accident, the Plaintiff was treated by Keith Larkin, M.D. Over the course of her treatment with Dr. Larkin, the Plaintiff related mostly subjective complaints of pain in her back and neck. Dr. Larkin made few objective findings of injury. At trial, Dr. Larkin testified that the Plaintiff suffered a lumbar strain as a result of the accident.
LBefore the accident occurred, the Plaintiff was receiving treatment from chiropractor, Jerry Provance. Dr. Provance treated the Plaintiff on a regular basis for nine months. His treatment of the Plaintiff was for neck and back pain, and numbness in her upper and lower extremities. These complaints of pain in the back and neck are similar to those experienced by the Plaintiff after the automobile accident. Dr. Provance stated that the Plaintiff suffered chronic neck and back pain that was not resolved by the time of the accident.
According to the Plaintiff, the record establishes that she sustained the following personal injury damages as a result of the accident: cervical sprain, lumbrosacral sprain, right knee and foot injury, and skeletal misalignment. Her special damages were alleged to be approximately $37,084.61. The Plaintiff contends that the trial court’s award of damages erroneously falls below this amount.
A plaintiff is entitled to recover damages only if she has proven those damages, and proven that they were caused by a liable tortfeasor. Under Louisiana jurisprudence, there is a distinction between the appellate review of factual findings under the manifest error standard, and the review of the quantum of damages awards under the much discretion standard. Powell v. Regional Transit Authority, 96-0715 (La.6/18/97), 695 So.2d 1326, 1332. Unless the record demonstrates that the trial court abused the much discretion provided for in fixing damages, the appellate court should not disturb the award. Bitoun v. Landry, 302 So.2d 278 (La.1974). The question is not whether a different award might have been more appropriate, but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it. Id. An appellate court might well disagree with the amount of the award fixed by the trier of fact, but it is not entitled to substitute its opinion for that of *249 the trier of fact. Spillers v. Montgomery Ward & Company, Inc., 294 So.2d 803 (La.1974).
As stated above, the trial court did find the Defendant liable, and did find that the Plaintiff was injured as a result of the Defendant’s negligence. The Plaintiff argues that she is entitled to receive judgment for all of her medical expenses and lost wages. We agree, but only to the extent that these damages are proven to the sufficiency of the trial [Bcourt. The trial court determined that the Plaintiff is entitled to damages in the amount of $21,791.73. With this award, we see no abuse of discretion.
CONCLUSION
For all of the above reasons, we find that the trial court did not abuse its discretion in the award of damages. Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by the Plaintiff.
AFFIRMED.