I ¡WALTER J. ROTHSCHILD, Judge.
On February 14, 2000, Nathan Nick was a passenger on a Louisiana Transit Bus, heading toward his apartment in Kenner, Louisiana. The bus driver, Milton Walker, dropped Mr. Nick off at a bus stop on Jefferson Highway across the street from his apartment complex. After he exited the bus, Mr. Nick attempted to cross the highway in front of the bus, which was in the right lane of traffic. As he proceeded to cross the left lane, he was struck by a taxi cab owned by King Cab Company and driven by John Taylor, III. Mr. Nick suffered a fractured leg, bruises, and scratches as a result of the accident.
At trial, Mr. Nick testified that when he got off the bus, he started walking in front of the bus to cross the street. He stated that the bus began to pull off while he was in front of it, so he started jogging and then running across the street. As he crossed the left lane, he was hit by the cab. The plaintiff argues that the bus driver failed to maintain a proper lookout and was negligent when he started to pull off without noticing that Mr. Nick was in front of the bus. Mr. Nick contends that the change machine inside the bus may have blocked Mr. Walker’s view in front of the bus. He further argues that the accident would not have |3occurred if the bus had not moved toward him and caused him to run into the left lane in front of oncoming traffic.
*570 Mr. Walker, the bus driver, testified that Mr. Nick was a regular passenger on his bus and that he had never walked in front of the bus before. On the date of the accident, Mr. Walker thought that Mr. Nick would wait until after the bus moved or he would go around the back of the bus to cross the street. He stated that after Mr. Nick got off the bus, he looked in his rearview mirror to see if the traffic was clear and he saw the taxi cab. He stated that he could also see everything in front of the bus while he was looking in the rearview mirror, and he contends that the change machine in the bus did not block his view.
Mr. Walker testified that he saw Mr. Nick as he ran in front of the bus and into the left lane of traffic, and he blew his horn to warn him of the oncoming traffic. He asserts that the bus did not move prior to the accident and that he only moved the bus after Mr. Nick had completely passed in front of it and the accident had occurred. He testified that the front and back doors of the bus were open at the time that the plaintiff crossed in front of the bus and that when the doors of the bus are open, the bus cannot move due to the inner lock system. After the accident, Mr. Walker contends that Mr. Nick got up and started talking to the cab driver, so he started moving the bus at that time. He drove away about a block or two and started filling out a report. He noticed that the police came to the scene, so he returned to get the police officer’s badge number.
John Taylor, III, testified that he was driving in the left lane of Jefferson Highway and was traveling about 30 miles per hour. As he passed the rear of the bus and reached about half of the length of the bus, Mr. Nick darted in front of the cab. Mr. Taylor testified that he began hitting the brakes immediately, but he could not avoid hitting the plaintiff. Mr. Taylor further testified that the bus did not move until after the accident had occurred.
The plaintiff filed suit against Louisiana Transit Company, Inc., King Cab Company, Inc., and John Taylor, III, for injuries that he sustained in this pedestrian/automobile accident. After a bench trial was held on July 30, 2001, the trial judge found that Louisiana Transit was 90% at fault[1] in the accident, John Taylor, III, was 10% at fault, and the plaintiff |4was 20% at fault. The trial judge further found that the plaintiffs damages, including^ medical expenses, were $8,500.00. The plaintiff filed a Motion for New Trial, which was heard and granted by the trial court. The trial court found that Louisiana Transit was 90% at fault, John Taylor, III, was 10% at fault, and the plaintiff was not at fault in the accident. Louisiana Transit appeals this ruling of the trial court. DISCUSSION
On appeal, Louisiana Transit argues that the trial court erred in finding that the bus had moved, causing Mr. Nick’s accident, because the weight of the evidence established that it did not.
At trial, Mr. Walker adamantly testified that he did not move the bus while Mr. Nick was in front of it. Mr. Taylor also testified that the bus did not move until after the accident occurred. However, Mr. Nick testified that the bus moved forward while he was walking in front of it, and he had to run into the left lane to avoid being hit by the bus.
At the end of the trial, the trial judge stated that the testimony of Mr. Walker seemed believable, but it was not logical. *571 He further stated that it did not seem likely that the doors of the bus were still open when the plaintiff passed in front of it, so he apparently did not believe that the inner lock system was in effect and prevented the bus from moving while the plaintiff was in front of it. The trial judge also indicated that he did not believe that it made sense that Mr. Walker was just closing the doors of the bus when the plaintiff was hit and then he pulled off. He further added that he believed that the inconsistencies in Mr. Walker’s testimony were slight, but he did not believe logically that the incident occurred the way Mr. Walker had testified. He also stated that he considered that Mr. Walker knew the habits of his passengers and anticipated that the plaintiff would walk around the bus or wait for it to pass. Therefore, the trial judge believed that Mr. Walker allowed the bus to lurch forward, at least for a split second, and caused the plaintiff to run into the street in front of the cab.
A court of appeal may not set aside the findings of the trial court unless they are clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); LaSalle v. Benson Car Co., Inc., 00-1459 (La.App. 5 Cir. 1/30/01), 783 So.2d 404, 408. | [¡Under this standard, the issue is whether the trier of fact’s conclusion was reasonable, not whether it was right or wrong. Stobart v. State, DOTD, 92-1328 (La.4/12/93), 617 So.2d 880, 882. When there is conflicting testimony, reasonable inferences of fact and reasonable evaluations of credibility should not be disturbed upon review. Touchard v. Slemco Electric Foundation, 99-3577 (La.10/17/00),- 769 So.2d 1200, 1204. Therefore, the trial court’s findings are entitled to great deference. Atwood v. State Farm Automobile Insurance Co., 95-454 (La.App. 5 Cir. 12/13/95), 666 So.2d 1187, 1189.
In the present case, the trial court assessed the evidence and testimony and believed that the bus moved forward while Mr. Nick was passing in front of it, causing him to run into the left lane in front of the cab. Where two permissible views of the evidence exist, the trier of fact’s decision between them cannot be manifestly erroneous or clearly wrong. Stobart, supra at 883. Considering the record before us, we cannot say that the trial court’s determination that the bus moved while the plaintiff was passing in front of it was unreasonable. Accordingly, this assignment of error is without merit.
In the second assignment of error, Louisiana Transit argues that the trial court erred in finding that the bus driver owed any duty to Mr. Nick after he exited the bus. It argues that Mr. Nick had a duty to exercise reasonable care when entering the roadway, which did not have a marked crosswalk, and when leaving a place of safety beside the roadway and walking into the path of a vehicle. Louisiana Transit further asserts that the only arguable duty that Louisiana Transit owed to Mr. Nick was to exercise reasonable care not to hit him.
It is true that a pedestrian has a duty to exercise care when entering a roadway and a duty not to leave his safe harbor until he is certain that he can safely cross a highway. Marcev v. Allstate Insurance Co., 96-603 (La.App. 5 Cir. 6/30/97), 697 So.2d 353, 354; Hundley v. Harper Truck Line, Inc., 28, 613 (La.App. 2 Cir. 9/25/96), 681 So.2d 46, 48. However, motorists owe certain duties to pedestrians as well. When a motorist sees, should have seen, or anticipates that a pedestrian is going to cross the path of his vehicle, the motorist must exercise reasonable care to protect the pedestrian. Uriegas v. Gainsco, 94-1400 (La.App. 3 Cir. 9/13/95), 663 So.2d 162, 172. Although a motorist has a *572 right to | (¡assume that a pedestrian will remain in a safe position and will not enter the path of oncoming traffic, a motorist may not blindly rely upon this assumption when he sees or should have seen that the pedestrian is going to cross the path of his vehicle. Kerrigan v. Imperial Fire and Cas. Ins. Co., 99-603 (La.App. 3 Cir. 11/3/99), 748 So.2d 67, 74. A motorist has a duty to maintain a careful lookout and to exercise care to avoid any obstructions. Ransome v. Bordelon, 01-1095 (La.App. 5 Cir. 1/15/02), 807 So.2d 1007, 1009.
It is clear that Mr. Walker owed a duty of reasonable care to Mr. Nick. Therefore, Louisiana Transit’s argument that it is not liable for Mr. Nick’s injuries because Mr. Walker did not owe a duty to Mr. Nick is without merit.
In the third assignment of error, Louisiana Transit asserts that the trial court committed manifest error during the new trial hearing by reducing the plaintiffs fault from 20% to zero. It argues that Mr. Walker did not move the bus prior to the accident and did not do anything to cause the accident.
The trial court judge found that Mr. Walker had moved the bus while the plaintiff was walking in front of it and was 90% at fault for the accident. He further found that Mr. Taylor, the taxi cab driver, was 10% at fault for the accident. The trial judge did not believe that the plaintiff was at fault at all for the accident. Allocation of fault is a factual finding which an appellate court may not disturb unless the finding is demonstrably .wrong. Johnson v. Safeway Ins. Co., 96-910 (La.App. 3 Cir. 2/19/97), 694 So.2d 411, 413, writ denied, 97-1750 (La.10/17/97), 701 So.2d 1330. As stated above, this Court must determine whether the trial judge’s conclusion was reasonable, not whether it was right or wrong. Stobart, supra at 882. Considering the record before us, we cannot say that the trial judge’s determination that the plaintiff was not at fault in the accident was unreasonable. Accordingly, this assignment of error is without merit.
The plaintiff answered Louisiana Transit’s appeal and seeks an increase in the amount of damages awarded to him. Mr. Nick suffered some bruises, scratches, and a fractured leg as a result of the accident. He testified that he had a splint on his leg for about a month and a 17half and had to use crutches. He stated that he did not have any pain after the splint was taken off.
The quantum of a damage award is reviewed under the much discretion standard. Powell v. Regional Transit Authority, 96-0715 (La.6/18/97), 695 So.2d 1326, 1332; Bergeron v. Caston, 01-454 (La.App. 5 Cir. 9/25/01), 798 So.2d 245, 248. The question is not whether a different award may have been more appropriate, but whether the trial court’s award can be reasonably supported by the evidence and justifiable inferences from the evidence before it. Id.
In the present case, the plaintiffs primary injury was to his leg and this injury resolved in one and a half months. The trial judge found that the plaintiffs medical expenses were $1,433.32, and his general damages were $7,066.68, for a total of $8,500.00. Considering the record before us, we find that the quantum of damages was reasonably supported by the record and should not be disturbed. Accordingly, the plaintiffs argument seeking additional damages is without merit.
For the reasons set forth above, we affirm the August 31, 2001 judgment of the trial court.

AFFIRMED.

. We note that the trial judge made an error when he assessed fault, because the percentages total 120% rather than 100%.