NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-268


ANN WELCH, ET AL.

VERSUS

STATE OF LA., DEPARTMENT OF TRANSPORTATION AND
DEVELOPMENT, ET AL.


**********


APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 33,681
HONORABLE J. P. MAUFFRAY JR., DISTRICT JUDGE


**********


ELIZABETH A. PICKETT
JUDGE


**********


Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese,
Judges.


**AFFIRMED.**


**Michael G. Helm**
**Helm Law Firm, L.L.C.**
**313 Lee Lane**
**P. O. Box 4207**
**Covington, LA 70434**
**Counsel for Plaintiffs/Appellants:**
    **Ann and Jimmy Welch, et al.**

**Brian D. Cespiva**
**Gravel & Cespiva**
**P. O. Box 1792**
**Alexandria, LA 71309-1792**
**Counsel for Defendant/ Appellee:**
  **State of Louisiana,**
  **Department of Transportation and Development**

**PICKETT, Judge.**

The plaintiffs, Ann and Jimmy Welch, individually and on behalf of their minor daughter, Lyndsie Welch, and the estate of their deceased, minor daughter, Brittanie Welch, appeal a judgment of the trial court granting summary judgment in favor of the defendant, the State of Louisiana, Department of Transportation and Development (DOTD), dismissing the plaintiffs' suit at their costs. We affirm the judgment of the trial court.

## FACTS

This case arises out of a traffic accident which took place at approximately 5:54 p.m. on Wednesday, November 13, 2002. A 1993 Oldsmobile Cutlass which was headed south on Louisiana Highway 127 in Jena, Louisiana, struck two young sisters, Brittanie and Lyndsie Welch as they attempted to cross the highway from east to west. The operator of the vehicle, Holly Campbell, stated that it was almost dark at the time of the accident and that she did not see the young girls until just before impact. Lyndsie Welch, who was ten years old at the time of the accident and twelve when she gave her deposition, stated that after supper, on the evening of the accident, she and her thirteen year old sister, Brittanie, walked from their house to Wendy's Northside Gas Station to get some snacks and drinks. According to Lyndsie, both she and her sister were wearing dark colored clothing, did not cross at the intersection, but "down a little ways." She said that, after making their purchases, it was getting dark so they started home, as they were not supposed to be out after dark. Lyndsie stated that they went to the same spot on the highway to re-cross to return home. She stated that when they got to the east side of the highway, they looked both ways. A truck was coming from the south, and they let it go by. Lyndsie stated that they

looked to the north, and "we seen the car coming—that car coming. But she was further down the road, so we though we could get across in time. . . . [W]e wasn't running, but we was walking fast. And we was like two steps away from the shoulder line whenever she hit."

The accident took place south of the intersection of Louisiana Highway 127 and Louisiana Highway 778. The judgment on appeal deals only with the plaintiffs' claim against DOTD, that the intersection of the two highways was defective in that it was not controlled by four-way STOP signs.

## LAW AND DISCUSSION

Recently. in *Louisiana Pigment Co., L.P. v. Scott Construction Co., Inc.*, 06-1026, p. 6 (La.App. 3 Cir. 12/20/06), 945 So.2d 980, 983, this court addressed the standard of review in cases decided by summary judgment stating:

> Appellate courts review summary judgments *de novo* and use the same criteria as the trial court in determining whether summary judgment is appropriate. *Nguyen v. Underwriters at Lloyd's*, 05-1407 (La.App. 3 Cir. 5/3/06), 929 So.2d 821, *writ denied*, 06-1332 (La.9/22/06), 937 So.2d 387. Pursuant to La.Code Civ.P. art. 966(B), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law."

> Louisiana Code of Civil Procedure Article 966 charges the moving party with the burden of proving that summary judgment is appropriate. However, when the movant will not bear the burden of proof at trial on the matter that is before the court, the movant's burden on the motion does not require him to negate all of the essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. *See* La.Code Civ.P. art. 966(C)(2). If the adverse party fails to produce factual support to convince the court that he can carry his burden of proof at trial, there is no genuine issue of material fact and granting of the motion is mandated. *Hardy v. Bowie*, 98-2821 (La.9/8/99), 744 So.2d 606; *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La.3/14/97), 690 So.2d 41.

*Nguyen* at 823.

In the case sub judice, the plaintiffs allege that the defendant, DOTD, breached its duty to the public by not installing four-way "STOP" signs at the intersection of Louisiana Highways 127 and 778. In *Netecke v. State ex rel. DOTD*, 98-1182, 98-1197 (La. 10/19/99), 747 So.2d 489, the Louisiana Supreme explained a plaintiff's causes of action against DOTD and DOTD's Duty to the public.

> A plaintiff may proceed against the State through DOTD under either a theory of negligence, based on LA.CIV.CODE art. 2315, or a theory of strict liability, based on LA.CIV.CODE art. 2317 and LA.R.S. 9:2800. In order for DOTD to be held liable, the burden of proof is the same under either theory. That is, the plaintiff bears the burden of showing that:
>
> > (1) DOTD had custody of the thing that caused the plaintiff's injuries or damages;
> >
> > (2) the thing was defective because it had a condition that created an unreasonable risk of harm;
> >
> > (3) DOTD had actual or constructive knowledge of the defect and failed to take corrective measures within a reasonable time; and
> >
> > (4) the defect in the thing was a cause-in-fact of the plaintiff's injuries.
>
> *Brown v. Louisiana Indem. Co.*, 97-1344 (La.3/4/98), 707 So.2d 1240, 1242; *Lee v. State, Through Dep't of Transp. & Dev.*, 97-0350 (La.10/21/97), 701 So.2d 676, 677-78. To recover, plaintiff bears the burden of proving all these inquiries in the affirmative and failure on any one is fatal to the case.
>
> DOTD's duty is to maintain the public roadways in a condition that is reasonably safe and does not present an *unreasonable* risk of harm to the motoring public exercising *ordinary care and reasonable prudence*. La. R.S. 48:21(A); *Campbell v. Department of Transp. & Dev.*, 94-1052 (La.1/17/95), 648 So.2d 898, 901-02; *Oster v. Department of Transp. & Dev.*, 582 So.2d 1285, 1288 (La.1991). DOTD must maintain the shoulders and the area off the shoulders, within its right-of-way, in such a condition that they do not present an *unreasonable* risk of harm to motorists using the adjacent roadway and to others, such as pedestrians, who are using the area in a reasonably

3

prudent manner. *Brown*, 707 So.2d at 1242; *Oster*, 582 So.2d at 1289-91. . . . .

> This duty, however, does not render DOTD the guarantor for the safety of all the motoring public. *Graves*, 703 So.2d at 572; *Briggs v. Hartford Ins. Co.*, 532 So.2d 1154, 1156 (La.1988). Further, DOTD is not the insurer for all injuries or damages resulting from any risk posed by obstructions on or defects in the roadway or its appurtenances. *Id.* Moreover, not every imperfection or irregularity will give rise to liability, but only a condition that could reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. *Entrevia v. Hood*, 427 So.2d 1146, 1149 (La.1983). The existence of an unreasonable risk of harm may not be inferred solely from the fact that an accident occurred. *See, e.g., Simeon v. John Doe, d/b/a The Sweet Pepper Grill*, 618 So.2d 848 (La.1993). Whether DOTD breached its duty to the public, by knowingly maintaining a defective or unreasonably dangerous roadway, depends on all the facts and circumstances determined on a case by case basis. *Campbell*, 648 So.2d at 901-02.

*Id.*, at 494-95 (second emphasis ours). Thus, under Louisiana law, one uses a duty-risk analysis to determine liability in tort cases. This analysis requires the plaintiff to prove that the conduct in question was a cause-in-fact of the resulting harm, that the defendant owed a duty of care to the plaintiff, that the duty was breached by defendant, and that the risk of harm was within the scope of protection afforded by the duty breached.

When applying the duty-risk analysis, the court must also examine the conduct of the plaintiff to determine the plaintiff's duty, if any. The accident in this case involved two pedestrians who were crossing the highway in an area other than a marked cross walk or within an unmarked cross walk at an intersection. Hence, we must consider what standard of conduct was required of these pedestrians. Louisiana Revised Statutes 32:213 (emphasis ours) states:

> A. Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection *shall* yield the right of way to all vehicles upon the roadway.

4

B. Between adjacent intersections at which traffic-control signals are in operation pedestrians shall not cross at any place except in a marked cross walk.

The main thrust of the plaintiffs' case is their claim that DOTD failed to follow its own its own internal procedures and Rule 2B-6 of the Manual on Uniform Control Devices (MUTCD) which would have resulted in the placement of four-way STOP signs at the intersection of Louisiana Highways 127 and 778. The DOTD submitted the affidavit of Dr. Joseph Blaschke, an expert in the fields of highway design, traffic engineering, and accident reconstruction, in which Dr. Blaschke stated that at the time of the accident, the intersection at issue was in compliance with MUTCD criteria. At the hearing on the motion for summary judgment, the trial judge asked the plaintiffs if they had an expert who would say that the intersection was defective in design because it did not have 4-way STOP signs. The plaintiffs stated they did not.

However, we find that it is unnecessary to address that argument. As stated above, "DOTD's duty is to maintain the public roadways in a condition that is reasonably safe and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence." *Netecke,* 747 So.2d at 494-95. In order to prove their claim against DOTD, the plaintiffs must prove that the conduct of DOTD was the cause-in-fact of the resulting harm, that DOTD owed a duty of care to the plaintiffs, that the requisite duty was breached, and that the risk of harm encounted by the plaintiffs was within the scope of the protection afforded by the duty breached. *Long v. State ex rel Dep't of Transp. and Dev.,* 04-485 (La. 6/29/05), 916 So.2d 87. "Whether a duty is owed is a question of law." *Hardy v. Bowie*, 98-2821, p. 12 (La. 9/8/99), 744 So.2d 606, 614. A summary judgment is appropriate when all relevant facts before the court are undisputed and the sole issue remain is the

5

conclusion to be drawn from the relevant facts. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94); 639 So.2d 730. Such is the case here.

We find this case very similar to the situation described in *Marcev v. Allstate Insurance Co.*, 96-603, pp. 2-3 (La.App. 5 Cir. 6/30/97), 697 So.2d 353, 354:

> By his own admission, the plaintiff-appellant stated that he entered the roadway at a jog and failed to see the appellee's car. It must be remembered that negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm. *Dobson v. Louisiana Power & Light Co.*, 567 So.2d 569 (La.1990). In this case, there was no unreasonable risk of harm. What duty can an automobile driver owe a pedestrian other than to drive in her lane of traffic, at a moderate speed, obeying all traffic laws and paying attention? Additionally, La. R.S. 32:213(A) provides that "Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the roadway."

> While this is certainly a tragic and unfortunate accident, we do not feel it would be prudent or legally correct to allow a plaintiff to recover damages for an accident caused when he or she carelessly darts out into moving traffic. Despite the fact that the person in the automobile is less likely to be injured, the legal duty is on the pedestrian not to leave his safe harbor until he is certain he can safely cross.

The circumstances in this case are even more compelling for DOTD than those in *Marcev* in that in the case before us, Lyndsie admitted that the two girls saw the approaching vehicle and still decided to leave their "safe harbor."

In sum, we do not find that the conduct of DOTD was the cause-in-fact of the resulting harm. Further, we find that DOTD owed no duty of care to the plaintiffs to protect them from their own carelessness. DOTD maintained Louisiana Highway 127 in a condition that was reasonably safe and did not present an unreasonable risk of harm to a motorist or pedestrian exercising ordinary care and reasonable prudence. It is extremely tragic that the Welch children failed to exercise ordinary care and reasonable prudence.

6

Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

Costs of this appeal are assessed against the appellants, Ann and Jimmy Welch.

**AFFIRMED.**